IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

In the matter of the seizure of:

**Bank of America Account 4880 5469 7515, styled in the name Kurt A. Petersen**

Case No. 24-SW-03027-WJE

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEIZURE WARRANT

I, Jeffrey Thomas, being first duly sworn, do depose and state that:

### Property to be Seized

a. All contents of Bank of America account number 4880 5469 7515, styled in the name "Kurt A. Petersen" and located at Bank of America Corporate Center, 100 North Tyron Street, Charlotte, Western District of North Carolina; and

b. 1967 Ford Mustang, VIN: 7R01A131220, currently located at Cold Fusion Nitrous Systems, 16411 Dundee Road #101, Cypress, Southern District of Texas.

### Affiant's Experience

1. Your Affiant has been a Special Agent with the Internal Revenue Service ("IRS") since January 2002. My experience includes conducting criminal investigations of individuals and businesses that have violated Federal criminal laws found in Title 26 (Internal Revenue Code) and related financial crimes in Title 18 and Title 31 of the United States Code. I have participated in various types of investigations including income tax evasion, subscribing to false returns, aiding and assisting in the preparation of false returns, wire fraud, money laundering, and structuring. I have analyzed numerous types of financial records including bookkeeping records, bank records, invoices, contracts, loan agreements, and return preparer's notes and work papers.

1

Case 2:24-sw-03027-WJE   Document 1-1   Filed 05/21/24   Page 1 of 6

2. Further, your Affiant has developed evidence that was used as probable cause for search warrants and has participated in all aspects of search warrants for financial records. In addition, I have developed evidence used as probable cause to seize real property, personal property and proceeds of bank accounts, acquired with proceeds of narcotics trafficking and money laundering. I have attended a Financial Investigation Seminar held by the United States Department of Justice Asset Forfeiture and Money Laundering Section covering various aspects of asset forfeiture and money laundering investigative techniques. During the past nineteen years I have participated in investigations concerning the trafficking of controlled substances, including documenting the disposition of proceeds and the accumulation of assets from the proceeds, and investigated the related money laundering violations and other financial crimes associated with trafficking of controlled substances. I have interviewed numerous cooperating witnesses and defendants who have provided detailed information concerning their involvement in drug trafficking activities and in the disposition and laundering of the proceeds of drug trafficking. These drug trafficking activities have included the acquisition, transportation, storage, and distribution of controlled substances. Over the past year I have also conducted and participated in investigations involving obtaining fraudulent payroll protection program loans and the associated criminal violations of wire fraud, bank fraud, and money laundering. Finally, I have testified as an expert witness in federal courts concerning money laundering transactions with drug proceeds.

4. This affidavit is submitted in support of seizure warrants for a) All contents of Bank of America account number 4880 5469 7515, and b) 1967 Ford Mustang VIN: 7R01A131220. The United States seeks to forfeit this property to partially satisfy an outstanding money judgment against Kurt Petersen.

## Probable Cause

5. On December 12, 2019, in the United Stated District Court for the Western District of Missouri, Kurt Petersen pled guilty to Counts One and Two of an Information in case number 19-cr-4092, charging him with distribution of more than 100 kilograms of marijuana and money laundering conspiracy.

6. The Information contained two Forfeiture Allegations. Forfeiture Allegation Two was related to the money laundering charge and sought forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1). Forfeiture Allegation Two stated the following: "The defendant, Kurt Arthur Petersen, a/k/a "Bravo" a/k/a "Russell," shall forfeit to the United States all property, real and personal, involved in a money laundering offense, or any property traceable to such property, including but not limited to, the following:

## Personal Property

Approximately $4,172,835.75 involved in the money laundering offense alleged in Count 2 of the Information.

## Substitute Assets

In the event that the property, which is subject to forfeiture to the United States, as a result of an act or omission of the defendants:

    a. cannot be located upon exercise of due diligence;

    b. has been placed beyond the jurisdiction of the Court;

    c. has been transferred or sold to, or deposited with a third party;

    d. has been substantially diminished in value; or

    e. has been commingled with other which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b).

7. As part of his guilty plea, Petersen agreed to voluntarily forfeit to the United States all properties subject to forfeiture under Title 21, United States Code, Section 853, including but not limited to the items listed in the Forfeiture Allegations of the Information. Petersen agreed that the United States may seek forfeiture of any other property (substitute assets) of his up to the value of the subject property described in the Information.

8. On May 16, 2024, Petersen was sentenced by United States District Judge Brian Wimes. Petersen was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 72 months, followed by a five year term of supervised release. An Amended Preliminary Order of Forfeiture, ordering the entry of a money judgment in the amount of $4,172,835.75, was also finalized at the sentencing hearing for the money that was involved in the money laundering offense Petersen was convicted of by his plea on December 12, 2019.

9. As of the date of this affidavit, the United States has forfeited approximately $1,038,937.50 and applied this amount toward the money judgment, leaving a balance on the money judgment of approximately $3,133,898.25. The United States has been unable to collect the proceeds sufficient to cover the judgment.

10. On or about April 1, 2024, your affiant acquired information from the Drug Enforcement Administration in Houston, Texas, indicating that Petersen held a Bank of America account, Account Number 4880 5469 7515, held in the name Kurt A. Petersen.

11. On or about January 8, 2024, there was a balance of $139,967.22 in Petersen's account ending in 7515.

12. Co-defendant Michael Wear provided information to agents that Petersen purchased a classic Ford Mustang and the car had been restored/renovated and was being stored at Wear's business, Cold Fusion Nitrous Systems in Cypress, Texas.

13. Agents interviewed the seller of the 1967 Mustang. The seller, T.M., stated he sold the Mustang on March 5, 2016, and was paid cash in the amount of $20,400. The seller subsequently identified a photograph of Petersen as the purchaser.

14. On April 17, 2024, Wear told your Affiant that the Mustang is still in his building, and he estimated the vehicle to be valued between $65,000 and $100,000.

15. On May 3, 2024, Wear texted your Affiant two photographs of the Mustang and the vehicle identification number, which is 7R01A131220.

16. There is probable cause to believe that the funds in Bank of America account 4880 5469 7515 and the 1967 Ford Mustang, VIN: 7R01A131220 are subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 853(p) as substitute assets in partial satisfaction of the forfeiture money judgment in the amount of $4,172,835.75 which represents proceeds involved in the money laundering offense, in violation of Title 18, United States Code, Section 1956(h).

17. The United States respectfully represents that the failure to seize the account may result in the property being dissipated, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture to the United States.

18. Once these substitute assets have been seized, the United States will move for an Amended Preliminary Order of Forfeiture and begin ancillary proceedings. Should the funds be forfeited, Petersen will be entitled to a credit against the money judgment in the amount of the seized assets.

19. Therefore, affiant respectfully requests that a seizure warrant be issued for Bank of America account 4880 5469 7515, held in the name Kurt A. Petersen, and the 1967 Ford Mustang, VIN: 7R01A131220.

**Venue**

20. Your Affiant is advised that under 18 U.S.C. § 981(b)(3), seizure warrants may be issued by a judicial officer in any district in which a forfeiture action against the property may be filed under 28 U.S.C. § 1355(b) and may be executed in any district in which the property is found.

21. Furthermore, 28 U.S.C. § 1355(b)(1)(A) allows a forfeiture action to be brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."

22. While the 1967 Ford Mustang is being stored at Cold Fusion Nitrous Systems, 16411 Dundee Road #101, Cypress, Southern District of Texas, and the Bank of America account is held within the Western District of North Carolina, the money laundering activity given rise to Petersen's conviction and forfeiture money judgment occurred in this district, permitting this Court to issue a seizure warrant under 18 U.S.C. § 981(b)(3).

_____
JEFFREY THOMAS
Special Agent
Internal Revenue Service

Subscribed and sworn before me via telephone or other reliable electronic means this __21st__ day of May, 2024.

_____
WILLIE J. EPPS, JR.
Chief United States Magistrate Judge

6